UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT B. LOU,<br><br>        Plaintiff,<br><br>    v.<br><br>ACCENTURE UNITED STATES GROUP HEALTH PLAN, et al.,<br><br>        Defendants. | Case No. 22-cv-03091-HSG<br><br>**ORDER TERMINATING LETTER BRIEFS**<br><br>Re: Dkt. Nos. 31, 33, 34 |

At a case management conference in October 2022, the parties flagged that they disagreed on whether discovery outside of the administrative record was appropriate in this ERISA case. The Court ordered the parties to meet and confer and file either a stipulation or simultaneous letter briefs regarding why discovery was or was not warranted on Plaintiff's benefit denial claim and breach of fiduciary duty claims. *See* Dkt. No. 28. The parties timely filed simultaneous letter briefs with arguments on the issues relevant to this question: the appropriate standard of review and the appropriate scope of review (i.e. the availability of extra-record discovery). *See* Dkt. Nos. 31, 33 & 34. Since filing these briefs, Plaintiff has now moved for summary adjudication, and Defendants replied by opposing Plaintiff's motion and cross-filing for summary judgment. The parties completed briefing on these motions on September 7, 2023. *See* Dkt. Nos. 51 (Pl.'s Mot.), 68 (Def. Accenture's Mot. & Opp'n), 69 (Def. HCS's Mot. & Opp'n), 74 (Pl.'s Opp'n & Reply to Def. Accenture), 75 (Pl.'s Opp'n & Reply to Def. HCS), 77 (Def. Accenture's Reply) & 78 (Def. HCS's Reply).

The Court finds that current posture of this case moots the need to separately rule on the two issues discussed in the parties' letter briefs, as the Court will address both issues when deciding the parties' dispositive motions. Since these motions provide more focused argument on

the standard of review than was provided in the letter briefs – which is understandable given the intervening months of additional discovery and case development – the Court opts to rule on the standard of review when it turns to the parties' briefing.  Similarly, it is the Court's view that the question of what (if any) extra-record discovery it can and should consider is best answered with reference to the specific documents submitted in the recent briefing, rather than based on the more generalized discussion in the letter briefs.

Since the Court will make all necessary determinations as to both the standard and the scope of review when it rules on the parties' pending summary adjudication and summary judgment motions, the Court **TERMINATES** as moot the October 2022 discovery letter briefs, Dkt. Nos. 31, 33 & 34.

**IT IS SO ORDERED.**

Dated:   9/25/2023

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge