UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT B. LOU,<br><br>              Plaintiff,<br><br>    v.<br><br>ACCENTURE UNITED STATES GROUP HEALTH PLAN, et al.,<br><br>              Defendants. | Case No. 22-cv-03091-HSG<br><br>**ORDER DIRECTING SUPPLEMENTAL FILINGS AND SETTING A FURTHER CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 69 |

Along with its motion for summary judgment, Defendant Blue Cross Blue Shield Illinois ("BCBSIL") filed thirty-three attachments containing the underlying administrative record in this case, which is more than ten thousand pages long. *See* Dkt. Nos. 69-3–69-35. Despite the size of the record (and the fact that it is not searchable), BCBSIL has not provided an index, which makes it unmanageable for the Court to locate the parties' citations. By February 2, 2024, BCBSIL is **DIRECTED** to file an index specifying the document title and administrative record page range for each docket entry containing the administrative record, in the following format:

| Dkt. No. | Document Title | AR Page Range |
|---|---|---|
| 69-3 | Admin Record 1 of 33 | R1-R264 |
| *Etc.* | | |

By that date, BCBSIL is also **DIRECTED** to file a table of contents identifying the administrative record page numbers and ECF page numbers for all: benefit determination letters, first level appeals, first level appeal determination letters, second level appeals, and second level appeal determination letters (along with all supporting documentation, such as Letters of Medical

Necessity or reviewing doctors' notes for each).[1]  The table of contents should proceed chronologically, presenting older material first.  For example:

| Document Type | AR Page #(s) | ECF Page #(s) | Supporting/Related Materials located at [AR Page #s/ECF Page #s] |
|---|---|---|---|
| June 14, 2019 Benefit Denial Letter | R147-150 | Dkt. No. 69-3 at 147-150 | [ -- ] |
| *Etc.* | | | |

Before being filed on the docket, BCBSIL must confer with Plaintiff's counsel to ensure that the parties agree that its proposed table of contents is accurate and complete, and must certify in the filed document that the parties met and conferred as directed to reach consensus on its contents.

Finally, the Courts **SETS** a telephonic case management conference on January 30, 2024, at 2:00 p.m.  All counsel shall use the following dial-in information to access the call:

Dial-In:  888-808-6929;

Passcode:  6064255

All attorneys and pro se litigants appearing for a telephonic case management conference are required to dial in at least 15 minutes before the hearing to check in with the courtroom deputy.  For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all possible, parties shall use landlines.

**IT IS SO ORDERED.**

Dated:   1/26/2024

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] The record contains, in many cases, numerous copies of a single document.  The Court does not need the coordinates for every copy of a given document, but rather, would like the parties to identify a single copy of each relevant document.  With this directive, the Court does not invite the parties to use the table of contents as a vehicle to raise arguments about the completeness of the administrative record, as the Court is already familiar with the parties' views on the subject.